UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

DEANNA and KATHLEEN,
BORDEAU
          Plaintiff(s),

    v.

THE CITY OF NEW YORK,
THE NEW YORK CITY POLICE DEPARTMENT,
NEW YORK CITY POLICE OFFICER
JOHN CASCONE,
NEW YORK CITY POLICE OFFICER
JANE DOE #ONE,
METROPOLITAN TRANSIT AUTHORITY
(MTA) NEW YORK CITY TRANSIT and
KEVIN JENKINS, MTA employee
          Defendant(s).
-----------------------------------------------------------X

**COMPLAINT &**
**JURY DEMAND**

RIZARRY, J.
REYES, M.J.

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
☆ DEC 27 2006 ☆
BROOKLYN OFFICE

**PRELIMINARY STATEMENT**

1. This is a Civil Rights action in which Plaintiffs, sisters Deanna and Kathleen Bordeau, seeks redress for the Defendant's violation of their rights secured by the Civil Rights Act of 1866 and 1871, 42 U.S.C. 1981 and 1983 and of the rights secured by the Fourth Amendment, and by the Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution and/or rights secured by under the laws and Constitution of the State of New York.

**JURISDICTION**

2. Jurisdiction is conferred upon this Court by 28 U.S.C. Sections 1331, 1343(3), this being an action seeking redress for the violation of Plaintiff's Constitutional and Civil Rights. The amount of damages in controversy exceeds Seventy Five Thousand ($75,000.00) Dollars, exclusive of

interest and costs.

3.  Plaintiff's claim for declaratory and injunctive relief is authorized by 28 U.S.C. sections 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

4.  The Plaintiffs further invoke this Court's pendant jurisdiction, pursuant to 28 U.S.C. Section 1367(a), over any and all State claims and as against all parties that are so related to claims in this action within the original jurisdiction of this Court that they form part of the same case or controversy.

5.  The Plaintiffs demand a trial by jury on each and every one of the claims pleaded herein.


**VENUE**

6.  Venue is proper for the United States District Court of the Eastern District of New York pursuant to 28 U.S.C. Sections 1391 (a), (b) and (c).

**PARTIES**

7.  Plaintiffs, DEANNA and KATHLEEN BORDEAU, are United States Citizens and residents of the United States, and is and at all times relevant herein are residents of the State of New York.

8.  Defendant NEW YORK CITY POLICE OFFICER JOHN CASCONE, upon information and belief of the 70th Precinct, is and at all times relevant, an officer and employee/agent of Defendant NEW YORK CITY POLICE DEPARTMENT, a municipal agency of Defendant CITY OF NEW YORK.  Defendant CASCONE is sued individually and in his official capacity.  At all times relevant Defendant CASCONE was acting under the color of State Law in the course and scope of his duties and functions as agent, servant, employee and Officer of Defendant NEW YORK

CITY POLICE DEPARTMENT and otherwise performed and engaged in conduct incidental to the performance of his lawful duties. Defendant CASCONE was acting for and on behalf of Defendant NEW YORK CITY POLICE DEPARTMENT at all times relevant herein with the power and authority vested in him as police officer, agent and employee of Defendant NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, and incidental to his lawful pursuit of his duties as officer, employee and agent of Defendant NEW YORK CITY POLICE DEPARTMENT.

9. Defendant NEW YORK CITY POLICE OFFICER JANE DOE #ONE, also upon information and belief, of the 71st Precinct is, and at all times relevant, an officer and employee and agent of Defendant NEW YORK CITY POLICE DEPARTMENT, a municipal agency of Defendant CITY OF NEW YORK. Defendant DOE #ONE, is sued individually and in her official capacity. At all times relevant, Defendant DOE # ONE, was acting under the color of State Law in the course and scope of her duties and functions as agent, servant, employee of Defendant NEW YORK CITY POLICE DEPARTMENT and otherwise performed and engaged in conduct incidental to the performance of her lawful function in the course of her duties. Defendant DOE #ONE was acting for and on behalf of Defendant NEW YORK CITY POLICE DEPARTMENT at all times relevant herein with the power and authority vested in her as police officer, agent and employee of Defendant NEW YORK CITY POLICE DEPARTMENT and incidental to her lawful duties as officer, employee and agent of Defendant NEW YORK CITY POLICE DEPARTMENT.

10. Defendant CITY OF NEW YORK is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a Police Department which acts as its agent in the area of Law Enforcement and for which it is ultimately responsible. Defendant

CITY OF NEW YORK assumes the risks incidental to the maintenance of a Police Department and the employment of Police Officers as said risk attaches to the public consumers of the services provided by Defendant NEW YORK CITY POLICE DEPARTMENT.

11.    11. Defendant NEW YORK CITY POLICE DEPARTMENT, is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to carry out all police functions for Defendant CITY OF NEW YORK and assumes the risk incidental to the maintenance of a police force and the employment of Police Officers.

12.    12. Defendant METROPOLITAN TRANSIT AUTHORITY, NEW YORK CITY TRANSIT (hereinafter "MTA")is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to carry out all transportation functions for Defendant CITY OF NEW YORK, and assumes the risks incidental to the maintenance of a Transportation agency under State and Federal Law.   It is responsible for the training and supervision of its employees and/or agents.

13.    13. Defendant KEVIN JENKINS is an employee of Defendant MTA and is sued individually and in his official capacity. At all times relevant Defendant JENKINS was acting in the scope of his duties as an employee and/or agent of Defendant CITY OF NEW YORK and Defendant MTA under New York State and Municipal Law. At all times relevant Defendant JENKINS was acting for and on behalf of Defendants CITY OF NEW YORK and the METROPOLITAN TRANSIT AUTHORITY (MTA) NEW YORK CITY TRANSIT.

14.

## STATEMENT OF FACTS

14.  On December 28, 2005 at approximately 7:00 p.m. Plaintiffs, who are sisters and students at The State University of New York, Rochester campus and New York Public School

respectively, were in the vicinity of Nostrand Avenue and Union Street in Kings County. Plaintiffs, who were together, boarded a bus number 9659, Route 44, owned and operated by Defendant MTA and being driven by Defendant KEVIN JENKINS. After boarding the bus Plaintiff KATHLEEN BORDEAU asked Defendant JENKINS if the bus stopped at a particular location along its route, as some of the buses that travel on Nostrand Avenue are express and some are local, making all stops. In response to Plaintiff's inquiry about the route the bus took, Defendant JENKINS began yelling very loudly at both Plaintiffs. Upon arriving at the location of Nostrand Avenue and Flatbush Avenue in Kings County, Defendant JENKINS began to exit the bus to change with another driver. Before exiting the bus Defendant JENKINS approached both Plaintiff's while they were sitting down and said to Plaintiff DEANNA JENKINS "little girl I'll beat you down". Upon hearing this threat Plaintiff KATHLEEN JENKINS stood up and asked Defendant JENKINS "what are you going to do?" whereupon Defendant JENKINS punched both Plaintiffs in the face with his closed fists. Plaintiffs then began to struggle with Defendant JENKINS, yelling for their fellow passengers to call the police. Upon information and belief a fellow female passenger, not known Plaintiffs, did in fact call 911 to report the abovementioned incident. Several members of Defendant NEW YORK CITY POLICE DEPARTMENT, including Defendants New York City Police Officer JOHN CASCONE, shield number 29185, Defendant CASCONE's partner New York City Police Officer MORAN, shield number 30232, New York City Police Officers BOBE and OTTOMINELLI and Defendant JANE DOE # ONE of the New York City Police Department all assigned to the 70th Precinct, responded to the location. Upon information and belief a member of Defendant NEW YORK CITY POLICE DEPARTMENT grabbed Plaintiff KATHLEEN BORDEAU from behind and forcibly pulled her off the bus.

15. Members of Defendant NEW YORK CITY POLICE DEPARTMENT took Plaintiffs to one side and Defendant JENKINS to a location away from Plaintiffs and asked the Plaintiffs what had occurred. Upon information and belief members of Defendant NEW YORK CITY POLICE DEPARTMENT asked Plaintiff KATHLEEN BORDEAU if she wanted to press charged against Defendant JENKINS. Plaintiff then asked for permission to call her mother, which was granted by members of Defendant NEW YORK CITY POLICE DEPARTMENT. Upon information and belief, while Plaintiff was on the phone with her mother, Defendant CASCONE of the NEW YORK CITY POLICE DEPARTMENT physically took the phone from Plaintiff and spoke directly with Plaintiff's mother. Upon information and belief Defendant CASCONE told Plaintiff's mother that he believed what the Plaintiffs had told him and that he was taking them to the 71st Precinct. Defendant CASCONE then hung up the phone and again asked Plaintiff KATHLEEN BORDEAU if she wanted to press charges. When Plaintiff KATHLEEN BORDEAU stated that she did not know, Plaintiff KATHLEEN BORDEAU was rear handcuffed by members of the NEW YORK CITY POLICE DEPARTMENT, physically searched, and placed in a police van, as was Plaintiff DEANNA BORDEAU. Immediately prior to being handcuffed Plaintiffs were told by Defendant NEW YORK CITY POLICE OFFICER JANE DOE that if they pressed charges they would be arrested.

16. Once inside the van, Plaintiffs were transported to the police precinct. During the transport Plaintiff KATHLEEN BORDEAU complained about her handcuffs being placed too tightly about her wrists. During the transport Plaintiffs were continually asked by members of defendant NEW YORK CITY POLICE DEPARTMENT, including Defendant JANE DOE, that they should not press charges against Defendant JENKINS. Once at the precinct, prior to entering, Plaintiffs

were again asked by Defendant OFFICER JANE DOE if they were sure they wanted to press charges, whereupon another officer behind Plaintiffs stated that it was "too late".

17. At the precinct Plaintiff's personal property, including their cell phones, were taken by members of the NEW YORK CITY POLICE DEPARTMENT. Plaintiffs were then placed in a cell where they were held for approximately six hours. Upon information and belief Plaintiffs' mother arrived at the precinct but was not allowed to see Plaintiffs, and was informed that they would be taken to 120 Schermerhorn for arraignment on criminal charges. Upon information and belief, Plaintiffs' mother left the precinct, and after calling back the precinct several times during the evening, was told to pick up Plaintiffs at approximately 1:00 a.m.

18. Prior to Plaintiffs' release they were each issued Desk Appearance Tickets charging them with violating Penal Law Sections 120.00 (Assault in the Third Degree) and related charges. Plaintiffs were directed to appear on a future date at 120 Schermerhorn Street for arraignment upon the Criminal charges lodged against them by Defendant NEW YORK CITY POLICE DEPARTMENT and Defendant JENKINS.

## FIRST FEDERAL CLAIM

**Violation of the Rights Secured by Section 42 U.S.C. 1983 and the Fourteenth Amendment to the United States Constitution**

19. Plaintiff incorporates by reference the allegations set forth in paragraphs One (1) through eighteen (18) as if fully set forth herein.

20. Upon information and belief, the conduct of Defendant Police Officer JOHN CASCONE acting under color of State Law, violated section 42 U.S.C. 1983 by unlawfully questioning, handcuffing, arresting and detaining Plaintiffs, without probable cause.

21.  That the actions of Defendant Police Officer JOHN CASCONE occurred in and during the course and scope of his duties and functions as a New York City Police Officer, and while acting as an agent and employee of Defendant NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

## SECOND FEDERAL CLAIM

## Violation of Rights Secured by Section 42 U.S.C. 1983 and the Fourteenth Amendment to the United States Constitution

22.  Plaintiff incorporates by reference the allegations set forth in paragraphs One (1) through Twenty One(21)as if fully set forth herein.

23.  That upon information and belief, the conduct of Defendant Police Officer JANE DOE acting under the color of State Law, violated section 42 U.S.C. 1983 by unlawfully questioning,detaining, arresting and searching Plaintiff without probable cause, and requiring Plaintiffs to drop charges against Defendant JENKINS to avoid arrest.

24.  That the actions of Defendant Police Officer JANE DOE occurred in and during the course and scope of her duties and functions as a New York City Police Officer, and while acting as agent and employee of Defendant NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to Plaintiffs.

## FIRST STATE LAW CLAIM

25.  The Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Twenty Four (24) as if fully set forth herein.

26. That the actions of Defendant New York City Police Officer JOHN CASCONE resulted in the false arrest, detention and search of Plaintiffs, and causing the aforementioned and hereinafter mentioned harm to Plaintiffs.

## SECOND STATE LAW CLAIM

27. The Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Twenty Six (26) as if fully set forth herein.

28. That the actions of Defendant New York City Police Officer JANE DOE resulted in the false arrest, and detention and search of Plaintiffs, and causing the aforementioned and hereinafter mentioned harm to Plaintiffs.

## THIRD STATE LAW CLAIM

29. The Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Twenty Eight (28) as if fully set forth herein.

30. That the actions of Defendant NEW YORK CITY POLICE DEPARTMENT, by negligently hiring, training, screening, supervising and/or instructing Defendant New York City Police Officer JOHN CASCONE resulted in the false arrest, unlawful questioning, detention and searches of Plaintiffs, and causing the aforementioned and hereinafter mentioned harm to Plaintiffs.

## FOURTH STATE LAW CLAIM

31. The Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Thirty (30) as if fully set forth herein.

32. That the actions of Defendant CITY OF NEW YORK, by negligently hiring, training, screening, supervising and/or instructing Defendant New York City Police Officer JOHN

CASCONE resulted in the false arrest, detention and search and seizure of Plaintiffs, and causing the aforementioned and hereinafter mentioned harm to Plaintiffs

## FIFTH STATE LAW CLAIM

33. The Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Thirty Two (32) as if fully set forth herein.

34. That the actions of Defendant NEW YORK CITY POLICE DEPARTMENT, by negligently hiring, training, screening, supervising and/or instructing Defendant New York City Police Officer JANE DOE resulted in the false arrest, detention and searches of the Plaintiffs, causing the aforementioned and hereinafter mentioned harm to Plaintiffs.

## SIXTH STATE LAW CLAIM

36. The Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Thirty Five (35) as if fully stated herein.

37. That the actions of Defendant CITY OF NEW YORK, by negligently hiring, training, screening, supervising and/or instructing Defendant New York City Police Officer JANEDOE resulted in the false arrest, unlawful questioning, detention and searches of Plaintiffs, causing the aforementioned and hereinafter mentioned harm to Plaintiffs.

## SEVENTH STATE LAW CLAIM

38. The Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Thirty Seven (37) as if fully set forth herein.

39. That the actions of Defendant New York City Police Officer JOHN CASCONE intentionally inflicted emotional distress upon Plaintiffs, causing Plaintiffs to suffer severe anxiety, public humiliation and embarrassment, and incurrence of monetary damages, including legal fees.

intentionally inflicted emotional distress upon Plaintiffs, causing Plaintiffs to suffer severe anxiety, public humiliation and embarrassment, and incurrence of monetary damages, including legal fees.

## EIGHTH STATE LAW CLAIM

40. The Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Thirty Nine (39) as if fully set forth herein.

41. That the actions of Defendant New York City Police Officer JANE DOE intentionally inflicted emotional distress upon Plaintiffs, causing Plaintiffs to suffer severe anxiety, incurrence of monetary damages including legal fees, public humiliation and embarrassment.

## NINTH STATE LAW CLAIM

42. The Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Forty One (41) as if fully set forth herein.

43. That the actions of Defendant Metropolitan Transportation employee KEVIN JENKINS did intentionally inflict physical injury upon Plaintiffs, causing Plaintiffs to suffer severe anxiety, incurrence of monetary damages including legal fees, public humiliation and embarrassment.

## TENTH STATE LAW CLAIM

44. The Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Forty Three (43) as if fully set forth herein.

45. That Defendant METROPOLITAN TRANSPORTATION AUTHORITY (MTA) NEW YORK CITY TRANSIT, did negligently hire, train, screen, supervise and instruct its employee Defendant KEVIN JENKINS, thereby causing Plaintiffs to suffer physical injury, severe anxiety, the incurrence of monetary damages including legal fees, nuisance and alarm.

## ELEVENTH STATE LAW CLAIM

46. The Plaintiffs incorporate by reference the allegations contained in paragraphs One (1) through Forty Five (45) as if fully set forth herein.

47. That Defendant KEVIN WEEKS did knowingly, falsely and maliciously prosecute Plaintiffs, causing Plaintiffs to incur damages including loss of time from school, transportation expenses and legal fees.

**WHEREFORE,** the Plaintiffs demand the following relief jointly and severably against all Defendants:

1. Compensatory Damages for Plaintiffs.

2. Punitive Damages against Defendant New York City Police Officers JOHN CASCONE and JANE DOE.

3. Punitive Damages against Defendant KEVIN JENKINS.

4. Punitive Damages against Defendant METROPOLITAN TRANSPORTATION AUTHORITY (MTA) NEW YORK CITY TRANSIT.

5. Punitive Damages against Defendant NEW YORK CITY POLICE DEPARTMENT.

6. A Court Order pursuant to 42 U.S.C. 1998 that the Plaintiff is entitled to costs of the instant action, and Attorney's fees.

7. Such other and further relief as the Court may deem necessary and appropriate, including declaratory relief.

Dated: December 22, 2006

VICTOR M. BROWN, ESQ.
(VB-5289)
Attorney for Plaintiff(s)
31 Smith Street
Brooklyn, New York 11201
(718) 625-5530
Fax(718) 625-5536
E: vbrownlaw@yahoo.com