UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
                                                :
DEANNA BORDEAU and KATHLEEN                     :
BORDEAU,                                        :
                                                :    **MEMORANDUM AND ORDER**
                        Plaintiffs,             :
                                                :    06-cv-6781(DLI)(RER)
                -against-                       :
                                                :
METROPOLITAN TRANSIT AUTHORITY (MTA), :
NEW YORK CITY TRANSIT, and KEVIN                :
JENKINS, Transit Employee,                      :
                                                :
                        Defendants.             :
                                                :
------------------------------------------------------------------ x
**DORA L. IRIZARRY, United States District Judge:**

      This tort action arises out of an altercation on a New York City public transit bus. The two plaintiffs originally sued the City of New York, the New York City Police Department ("NYPD"), two police officers, the Metropolitan Transit Authority ("MTA"), the New York City Transit Authority ("NYCTA") and Kevin Jenkins, a former city bus driver. The City, NYPD and the police defendants settled with the plaintiffs, leaving only three claims left against the remaining transit defendants. The MTA and NYCTA move to dismiss, arguing that the tort claims against them are barred because plaintiffs failed to file the proper notice of claim as is required by New York Public Authorities Law § 1212 and General Municipal Law § 50-e. The failure to file a notice of claim precludes plaintiffs' tort claims under state law, but not the malicious prosecution claim under federal civil rights law, 42 U.S.C. § 1983 ("Section 1983"). Plaintiffs' Section 1983 malicious prosecution claim is also dismissed for failure to state a claim.

**I.    Factual Background**

      On a motion to dismiss, the following factual allegations are assumed to be true. In the evening of December 28, 2005, plaintiffs Deanna and Kathleen Bordeau boarded a bus owned by

the MTA and driven by Kevin Jenkins.[1]  A heated exchange with the driver ensued, and plaintiffs claim the driver punched them.  The plaintiffs struggled with Jenkins, and yelled out for fellow passengers to call the police. A fellow passenger called 911 to report the incident, and several NYPD police officers separated the plaintiffs from Jenkins.  The police asked both plaintiffs what had occurred and Kathleen Bordeau if she wanted to press charges against Jenkins.  When she responded that she did not know, one officer told them that if they pressed charges they would be arrested.  Immediately thereafter, the police officers handcuffed the plaintiffs, took them to the precinct, and held them in a cell for six hours. Prior to their release, plaintiffs received tickets charging them with, among other criminal charges, violating Penal Law § 120.00 (Assault in the Third Degree) and directing them to appear for arraignment.  On October 27, 2006, plaintiffs submitted a notice of claim to the Comptroller of the City of New York.  On March 5, 2007, the Kings County criminal court granted plaintiff Kathleen Bordeau's motion to dismiss the state's charges against her on speedy trial grounds pursuant to CPL § 30.30(1)(c).  They filed this action on December 27, 2006.

## II. Discussion

The remaining claims against the MTA and NYCTA and Jenkins allege that (1) Jenkins intentionally inflicted physical injury on the plaintiffs; (2) the MTA and NYCTA negligently hired, trained, screened, supervised and instructed Jenkins; and (3) Jenkins maliciously prosecuted plaintiffs.  Of these three tort claims under state law, only the malicious prosecution claim is also cognizable as a federal claim under Section 1983.

### A. MTA is not the proper party in this action.

The MTA argues that the NYCTA is the proper party to this action.  Under New York

---

[1] Jenkins has since passed away.

law, "the functions of the MTA with respect to public transportation are limited to financing and planning, and do not include the operation, maintenance, and control of any facility." *Adams v. New York City Transit Auth.*, 140 A.D.2d 572, 572 (2d Dep't 1988) (citing *Cusick v. Lutheran Med. Ctr*, 105 A.D.2d 681 (2d Dep't 1984)). Only the NYCTA retains the power to sue and be sued. *See* N.Y. Pub. Auth. Law § 1204(1); *Adams*, 140 A.D.2d at 572. Therefore, all claims against the MTA are dismissed.

### B. Plaintiffs' state law tort claims are barred by their failure to comply with notice of claim requirements.

Defendant NYCTA moves to dismiss all claims for plaintiffs' failure to comply with New York's notice of claim requirements under Public Authorities Law § 1212 and General Municipal Law § 50-e. Plaintiffs did not file a notice of claim with the NYCTA before commencing this action, but argue that their letter to the Comptroller of the City of New York is sufficient to satisfy the notice required by New York law.

In federal court, state notice-of-claim statutes apply to state-law claims. *Hardy v. New York City Health & Hosp. Corp.*, 164 F.3d 789, 793 (2d Cir. 1999). Under New York Public Authorities Law § 1212, "[a]n action against the [NYCTA] founded on tort shall not be commenced . . . unless a notice of claim shall have been served on the authority within the time limited, and in compliance with all the requirements of section fifty-e of the general municipal law." N.Y. Pub. Auth. Law § 1212(2). *See also Hardy*, 164 F.3d at 793 ("Under New York law, a notice of claim is a condition precedent to bringing personal injury actions against municipal corporations."). Failure to properly file a notice of claim as specified in § 50-e of New York General Municipal Law "ordinarily requires a dismissal for failure to state a cause of action." *Id.* at 794 (internal citations omitted); *Davidson v. Bronx Mun. Hosp.*, 64 N.Y.2d 59, 62 (1984). Section 50-e, which sets forth the manner in which the notice of claim shall be served, specifies

that the "notice shall be served on the public corporation against which the claim is made." N.Y. Gen. Mun. Law § 50-e(3)(a); *see also Ringgold v. New York City Transit Auth.*, 286 A.D. 806 (1st Dep't 1955). Since plaintiffs are making claims against the NYCTA, their notice of claim served on the Comptroller does not comply with § 50-e and is therefore invalid.[2] Hence, plaintiffs' state law tort claims against the NYCTA are dismissed.

### C. Plaintiffs' Section 1983 claim is not subject to the state law's notice of claim requirement

Plaintiffs' claim for the tort of malicious prosecution may also give rise to liability under 42 U.S.C. § 1983. *See Savino v. City of New York*, 331 F.3d 63, 72 (2d Cir. 2003). Their failure to comply with the notice of claim requirements does not preclude this federal law claim.

"When a federal action is brought in federal court, the court has discretion to borrow from state law when there are deficiencies in the federal statutory scheme." *Hardy v. New York City Health & Hosp. Corp.*, 164 F.3d 789, 793 (2d Cir. 1999). Section 1983 does not have a notice of claim requirement. Although the "absence of a notice of claim provision generally does not render a federal statute deficient," the Second Circuit has incorporated such a state law provision to a federal action "where there is evidence that Congress intended [the court] to do so." *Id.* For example, in *Hardy*, plaintiff brought suit against a hospital under the federal Emergency Medical Treatment and Active Labor Act ("EMTALA"). The Second Circuit found that plaintiff's failure to comply with New York's notice of claim requirements under § 50-e

---

[2] Plaintiffs also failed to take action to file a late notice of claim. Section 50-e of the General Municipal Law provides courts with the discretion to extend the time to serve a notice of claim. N.Y. Gen. Mun. Law § 50-e(5). However, the extension "shall not exceed the time limited for the commencement of an action by the plaintiff against the public corporation." *Id. See also Hochberg v. City of New York*, 63 N.Y.2d 665, 666 (1984) (holding that a court cannot grant an extension to file a late notice of claim after the expiration of the statute of limitations). The statute of limitations expires ninety days after the claim arises. N.Y. Gen. Mun. Law § 50-e(1)(a). Here, the incident in question occurred in December 2005, and the action was filed in December 2006. Therefore, plaintiffs may not obtain an extension to file a late notice of claim.

4

barred the plaintiff from bringing the federal suit against the hospital. The court examined EMTALA's legislative history and found that Congress' concern with undue burdens on hospitals from excessive litigation coincided with the purpose of New York's notice of claim requirement to promote timely settlement of claims and protecting municipal hospitals from unnecessary or excessive litigation expenses. *Id*. at 794. The Second Circuit therefore incorporated the § 50-e notice of claim requirement as a condition precedent to bringing the EMTALA claim in that case.

The Second Circuit has not explicitly held whether the notice of claim requirement in New York Public Authorities Law § 1212 is applicable to a civil rights action under 42 U.S.C. § 1983. However, in *Brandon v. Board of Education of Guilderland Central School District*, which involved a civil rights claim against a public school, the court pointed out in a footnote that compliance with a notice of claim requirement under New York Education Law § 3813(1) is not mandatory for Section 1983 civil rights actions. 635 F.2d 971, 974 n.2 (2d Cir. 1980). The Southern District of New York followed *Brandon* in denying a motion to dismiss a Section 1983 action for plaintiff's failure to properly file a notice of claim as required under New York General Municipal Law § 50-e. *Burroughs v. Holiday Inn*, 621 F. Supp. 351, 353 (S.D.N.Y. 1985). The court held that although *Brandon* involved a notice of claim requirement under New York Education Law, its reasoning was "equally applicable" to exempt plaintiff from the notice of claim requirements under New York General Municipal Law. *Id* at 353. The court looked to the statutory intent behind Section 1983, which was enacted to provide a cause of action analogous to state remedies for wrongs committed by public officials. State law remedies were ineffective when Section 1983 was enacted as the Civil Rights Act of 1871. *Id*. at 352-353.

At least one case from this district also has held that compliance with General Municipal Law § 50-e is not necessary to recover for a civil rights claim under 42 U.S.C. § 1983. *See Meiselman v. Richardson*, 743 F. Supp. 143 (E.D.N.Y. 1990). In *Meiselman*, the plaintiff filed a § 1983 action against the town of Southampton and its employees alleging negligence "amounting to deliberate indifference to her constitutional rights" for failing to notify her obligation to appear in court and subsequently arresting her for her nonappearance. *Id*. at 144. The town raised an affirmative defense against the plaintiff's claim arguing that her action was barred due to failure to comply with New York General Municipal Law § 50-e. *Id*. The court granted the plaintiff's motion to strike this affirmative defense, holding that "a plaintiff bringing an action under section 1983 need not comply with a state's notice of claim requirements." *Id*. at 145 (citing *Felder v. Casey*, 487 U.S. 131, 140 (1988)). Again the court looked to the purpose of Section 1983, and concluded that the "application of 'a state law that immunizes government conduct otherwise subject to suit under § 1983' would thwart the purpose of the [federal] remedy." *Id*. (citation omitted) (quoting *Felder v. Casey*, 487 U.S. 131, 108 (1988)).

Similarly, in this case, the purpose of Section 1983 as a separate federal remedy would be thwarted if the state law notice of claim requirement can bar plaintiffs' federal claim against the NYCTA. Therefore, New York's notice of claim requirements under Public Authorities Law § 1212 and General Mnicipal Law § 50-e do not apply to and do not preclude plaintiffs' malicious prosecution claim under Section 1983.

**D.      Plaintiffs failed to state a malicious prosecution claim under Section 1983**

Although plaintiff may bring suit under Section 1983 despite not having filed a notice of claim, their lone Section 1983 claim, for malicious prosecution, are not supported by their factual allegations.

A claim of malicious prosecution brought under § 1983 is governed by state law. *Russell v. Smith*, 68 F.3d 33, 36 (2d Cir. 1995). "Under New York law, a plaintiff suing for malicious prosecution must establish: (1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions." *Id*.

In order to satisfy the second element of a malicious prosecution claim, which requires a termination of the proceeding in plaintiff's favor, "the plaintiff must show that the final disposition is indicative of innocence." *Id.* (citing *Singleton v. City of New York*, 632 F.2d 185, 193 (2d Cir. 1980); *Hollender v. Trump Village Cooperative, Inc.*, 58 N.Y.2d 420, 425 (1983); Restatement (Second) of Torts § 660, comment a (1977)). Here, there is no record of a proceeding against plaintiff Deanna Bordeau. The evidence shows only a proceeding against Kathleen Bordeau, and in that proceeding, the Criminal Court of the City of New York dismissed the complaint against her on speedy trial grounds pursuant to CPL § 30.30(1)(c). Therefore, since the termination of the proceedings against Kathleen Bordeau was not based on a finding of innocence, her claim of malicious prosecution fails on this second element. Moreover, the complaint provides no factual allegation of Jenkins' involvement in the prosecution.

Therefore, the Section 1983 claim for malicious prosecution is dismissed for failure to state a claim.

## III. Conclusion

For the foregoing reasons, the remaining claims against the remaining defendants in this action are dismissed.

SO ORDERED.

Dated: Brooklyn, New York
September 30, 2008

_____/s/_____
DORA L. IRIZARRY
United States District Judge